UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LEVINSON LEATHER GOODS, LLC

    Plaintiff,

vs.

SADDLE LEATHER GOODS, and
THE LEATHER FARM,

    Defendant
_____/

## COMPLAINT

Plaintiff, LEVINSON LEATHER GOODS, LLC ("Plaintiff" or "LEVINSON") by and through its undersigned counsel, hereby files its Complaint against Defendant, SADDLE LEATHER GOODS ("Defendant Saddle") and Defendant THE LEATHER FARM ("Defendant Farm")(Collectively "Defendants") In support thereof, Plaintiff states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants for violations of exclusive rights the Lanham Act, 15 U.S.C. §1125(a) for unfair competition and false description and common law trademark infringement. Defendant Saddle has willfully and intentionally utilized Plaintiff's trade dress and well-known trademark to sell identical goods – specifically leather goods – in identical markets and trade channels. Upon reliable information and belief, Defendant Farm is owned and operated by the same individual and is currently beginning to sell Plaintiff's goods and products. This creation of a "new entity" is likely a preemptive move and being done to avoid and evade any takedown action taken by the website host after Plaintiff's numerous notices of infringement.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims in this action as it arises under federal law, namely, the Lanham Act 15 U.S.C. §1125, and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (designs, copyrights, trademarks and unfair competition).

3. This Court further has jurisdiction based on 28 U.S.C. §1332 as the Plaintiff and Defendants are each a citizen of different states and/or countries and the amount in controversy sought is above $75,000.00.

4. Further, this Court has supplemental jurisdiction under 28 U.S.C. §1338(b) over the remaining claim.

5. This Court has personal jurisdiction over the Defendants as each of the Defendants directly target and direct its business activities and sales to consumers in the United States – specifically the State of Florida. Defendant Saddle utilizes the website https://saddleleathergoods.com/ to market, advertise and solicit directly to consumers and business within the State of Florida while Defendant Farm utilizes https://theleatherfarm.com/ to market, advertise and solicit directly to consumers and business within the State of Florida.

6. Further, Defendant Saddle, in its Counter-Notice to the Notice of Copyright filed by Plaintiff, expressly agreed and consented to accept service of process from the person providing the notice. *See Counter-Notification attached as Exhibit A.*

7. Venue is proper in Southern District of Florida, Fort Lauderdale, Florida, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and applicable case law as the Courts have long held the plaintiff has a choice of forum.[1]

## THE PARTIES

---

[1] [A] "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Surgical Outcome Support, Inc. v. Plus Consulting, LLC,* 2008 U.S. Dist. LEXIS 65840 at *9 (S.D. Fla. July 30, 2008) (citing to *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)).

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

8. Plaintiff is a Georgia registered limited liability company with a registered place of business at 8735 Dunwoody Place, Suite N, Atlanta GA 30350 which operates a national leather goods company and ships nationwide and internationally, including within the State of Florida.

9. Plaintiff has prepared and designed dozens of its own unique leather goods, including but not limited to leather bags, leather jackets, and various leather accessories.

10. The signature leather goods created and sold by Plaintiff features its distinct trademark ("Graphic Bull Logo") embedded directly onto the product. *See Exhibit B – Photo of Leather Products.*

11. The Plaintiff also utilizes the graphic logo ("Bull and Word Logo") in conjunction with the marketing, advertising and sale of the its leather goods.

12. Plaintiff has utilized its signature trademarks in connection with its goods since approximately 2020 thus the logo has acquired distinctiveness and secondary meaning through the long-term substantially exclusive use.

13. Defendant Saddle is an online business entity with its Registered Agent located at 30 N Gould St. Ste R, Sheridan WY 82801 and also a warehouse located at 295 Whitehead Road, Ste. #10026, Hamilton, NJ 08619-3250.

14. Defendant Farm is an online business entity with its USA office located at 295 Whitehead Road, Ste. #10026, Hamilton, NJ 08619-3250.

15. The Defendants each operate an online e-commerce store and advertise and solicit directly to consumers within the State of Florida and also ship products directly to consumers within the State of Florida. *See Exhibit D.*

16. The Defendants owner and operator, Ashish Rakhecha, is located in India.

17. Defendants nor its owner have any domicile or residence within the State of Florida.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

## BACKGROUND FACTS

18. Beginning in August of 2025, Plaintiff learned that Defendant Saddle was selling identical versions of its original design and displaying directly on the items Plaintiff's signature Graphic Bull Logo. *See Exhibit C.*

19. On or about August 22, 2025, Plaintiff filed an intellectual property infringement takedown request with Shopify and advised of the infringing activity. *See Exhibit E.*

20. Shopify began its investigation and requested additional information from Plaintiff, however the infringing listings were not removed at that time.

21. After learning of the continued infringement, on or about December 11, 2025, Plaintiff learned that Defendant Saddle was still selling the goods with the infringing Graphic Bull Logo.

22. Plaintiff immediately filed another infringement takedown request with Shopify, which ultimately resulted in the listings being removed. *See Exhibit F.*

23. Plaintiff also discovered additional infringing products and filed a third takedown request on or about December 15, 2025.

24. After the listings were promptly removed from Defendant Saddle's store by Shopify, Plaintiff learned of Defendant Farm and its connection to Defendant Saddle.

25. Soon after the takedowns began, Defendant Farm started adding the infringing products to its own website for sale.

26. Upon information and belief, Defendant Farm also utilizes Plaintiff's Graphic Bull Logo in the marketing and sale of leather goods.

## COUNT I – FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. §1125(1)(A)
(Against All Defendants)

27. Plaintiff reasserts and realleges paragraphs 1-26 as if fully set forth herein.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

28. Plaintiff owns all right, title and interest in and to Plaintiff's Graphic Bull Logo, including all common law rights in existence since approximately 2018.

29. Defendants' unauthorized use of the Graphic Bull Logo in commerce with identical goods as the Plaintiff is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants with the Plaintiff.

30. This unauthorized use is likely to cause consumers to believe that Defendants' goods are authorized, endorsed or sponsored by Plaintiff or that Defendants are in some way affiliated with the Plaintiff which is not accurate.

31. In fact, Plaintiff was provided notice from a confused consumer that Defendant Saddle shipped a product displaying the Graphic Bull Logo which the consumer mistakenly purchased.

32. Defendants' unauthorized use of Plaintiff's Graphic Bull Logo in commerce constitute a false designation of origin misleading description or representation of fact.

33. This conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C §1125(a).

34. Defendants' unauthorized conduct is causing immediate and irreparable harm and injury to Plaintiff and to Plaintiff's goodwill and longstanding reputation. The continued infringement will damage Plaintiff but also continue to confuse consumers unless enjoined by this Court.

35. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney's fees and costs of the action pursuant to Sections 34-35 of the Lanham Act 15 U.S.C. §§1116-1117.

### **COUNT II – COMMON LAW TRADEMARK INFRINGEMENT**
(Against All Defendants)

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

36. Plaintiff reasserts and realleges paragraphs 1-26 as if fully set forth herein.

37. Plaintiff owns a common law trademark in its Graphic Bull Logo and this Graphic Bull Logo has acquired distinctiveness based on its long-term use in connection with the sale of leather goods.

38. Defendants' unauthorized use in commerce of the Graphic Bull Logo, as alleged in the foregoing paragraphs, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods with Plaintiff or that Plaintiff has authorized, endorsed or sponsored Defendants' goods – which is inaccurate.

39. Defendants' action constitute trademark infringement in violation of Florida Common Law.

40. Defendants' actions are willful and intentional based on the identical copying of Plaintiff's product and Graphic Bull Logo.

41. Defendants' ongoing infringement continue to harm Plaintiff.

42. Defendants' will continue such infringement unless enjoined by this Court.

## JURY DEMAND

Plaintiff respectfully requests a jury trial to determine the foregoing causes of action.

**WHEREFORE,** Plaintiff, LEVINSON LEATHER GOODS, LLC, respectfully prays that:

1. Defendant SADDLE LEATHER GOODS and Defendant THE LEATHER FARM, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendant, be permanently enjoined and restrained after this action from:

    a. For an award of actual damages in an amount to be determined at trial;

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

      b. For an accounting of Defendant's profits through the use of the Graphic Bull Logo mark;

2. Find that Defendants' actions in adopting and using the Graphic Bull Logo mark have been intentional and willful;

3. For reasonable attorney fees and costs under 15 U.S.C. §1117;

4. For pre-judgment interest on all amounts claimed as permitted by law;

5. For an order enjoining Defendants from using, displaying, or sharing any of Plaintiff's Marks in commerce;

6. For other such relief this Court may deem proper under the circumstances.

7. Defendants each be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the terms of the permanent injunction;

8. Plaintiff will receive such other and further relief as this Court deems just, fair, and equitable.

9. Any further relief this Honorable Court deems just;

Dated: December 31, 2025

Respectfully submitted,
By: /s/KELLY ANN M. DESROSIERS
Kelly Ann M. desRosiers, Esq.
Florida Bar No. 1017878
Kelly@LomnitzerLaw.com
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@LomnitzerLaw.com

THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Fax: (561) 953-3455
*Attorneys for Plaintiff*